JAMES A. DEPEW, MADELINE H. DEPEW, JOSEPH GUTE, JR., BARBARA F. GUTE, OTTO MEYER, MURIEL G. PASCUCCI AND FRANCIS J. KOZESNIK, PLAINTIFFS-APPELLANTS, AND JOSEPH E. MARQUIS, JOHANNA MARQUIS, JOSEPH H. LANGENSTEIN, VINCENT J. PASCUCCI AND JOSEPH J. BARZDA, PLAINTIFFS, v. TOWNSHIP OF HILLSBOROUGH, A MUNICIPAL CORPORATION, *ET AL.*, AND MINNESOTA MINING AND MANUFACTURING COMPANY, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued October 26, 1959—Decided November 23, 1959.

Mr. *Willard G. Woelper* argued the cause for appellants (*Messrs. Toner, Crowley, Woelper & Vanderbilt,* attorneys; *Mr. Willard G. Woelper,* of counsel).

Mr. *Fred G. Stickel, III,* argued the cause for respondent, Minnesota Mining and Manufacturing Company (*Messrs. Stickel & Stickel,* attorneys; *Mr. Fred G. Stickel, III,* of *counsel*).

Mr. *George W. Allgair* argued the cause for respondent, Township of Hillsborough, *et als.*

The opinion was delivered

PER CURIAM. In *Kozesnik v. Montgomery Twp.*, 24 *N. J.* 154 (1957), we had before us an amendment to the zoning ordinance of the Township of Hillsborough which created a limited industrial zone wherein quarrying was permitted in addition to residential and agricultural uses. The amendment there survived manifold attacks save one, that it fixed 'certain distances between phases of quarrying operations and "any dwelling existing at the introduction of this ordinance." In this connection, we said (24 *N. J.* at *page* 176) :

"It is true that where a nuisance results, it is no defense that the zoning ordinance authorized the operation and hence judicial relief may be had. *Kosich v. Poultrymen's Service Corporation*, 136 *N. J. Eq.* 571, 584 (*Ch.* 1945). Nonetheless, when a zoning ordinance is being prepared, and as here the potential nuisance is recognized unless the operation be isolated, the ordinance should require the quarry operator to provide the necessary buffer and not cast the burden on the neighboring owner. * * * Whatever the reasonable distances may be, they should be measured from adjoining property lines, whether or not the parcels are now improved."

On December 12, 1957 the Township adopted another amendatory ordinance, the subject matter of the present action. The trial court sustained the amendment. We certified plaintiffs' appeal on our motion before it was considered by the Appellate Division. (For related litigation see *Ward v. Montgomery Twp.*, 28 *N. J.* 529 (1959); *Kozesnik v. Montgomery Twp.*, 29 *N. J.* 584 (1959)).

The amendment provides for a setback of 100 feet from abutting property lines and zone boundaries in lieu of setbacks in the prior amendment of considerably greater distance measured from existing dwellings, zone boundaries and public roads. In terms, the present amendment meets the criticism of the earlier one. Plaintiffs, however, assail the measure on the thesis that a setback of 100 feet is inadequate. We agree with the trial court that plaintiffs failed to carry their burden to demonstrate that the ordinance is

arbitrary or unreasonable. *Kozesnik, supra* (24 *N. J.* at *page* 167).

■ Plaintiffs further contend the 100 foot setback plus the continued requirement for a minimum of 200 contiguous acres bespeaks a purpose to legislate for the private gain of Minnesota Mining and Manufacturing Company (3M) in disregard of the community interest. It is urged that, if the reduced setback is sufficient, then an acreage much less than 200 could be used for quarrying. The municipality replies that its objective is to avoid flimsy operations which would add to the problems inherent in quarrying. The trial court found, and we agree, that these circumstances, added to those which on the earlier review we found insufficient, fail to show a perversion of power for the advantage of the company.

It is not clear whether plaintiffs additionally contend that a 200 acre requirement is arbitrary as to other lands within the limited industrial district. No property owner within that district is a party to this proceeding. Whether others may advance a challenge of that kind which does not directly affect their holdings, we need not now determine. Realistically, the question is quite academic in the setting of this case. The interest of the community here would be better served by awaiting an action by a property owner within the district who should conceive it to be arbitrary to deny him the right to quarry on a lesser plot.

■ Plaintiffs also attack the permit issued to 3M, asserting that it authorizes quarrying on lands not owned by it. It is clear that 3M owns contiguous lands considerably in excess of the minimum required acreage. In its application, it disclosed other lands as to which it claims "control." Plaintiffs unsuccessfully sought discovery as to such other lands, apparently to dispute the extent of title interest or control of 3M with respect to them. 3M replies that it disclosed such other lands, not to seek permission to quarry thereon, but rather because it understands the ordinance to require disclosure of all holdings within the district. Both

3M and the municipality stipulated before us that the permit does not authorize quarrying operations on such other lands. In the light of that stipulation, the several issues founded upon a contrary assumption disappear from the case.

Plaintiffs raise other questions, none of which is sufficiently impressive to warrant discussion.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR and SCHETTINO—5.

*For reversal*—None.